JAP:MKM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**12 M 700**

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

SAMUEL MARRERO,

           Defendant. *federal defenders appointed*

PRE-ARRAIGNMENT
C O M P L A I N T
(21 U.S.C. §§ 952(a)
and 960)

- - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

        TAMIKA COMRIE, being duly sworn, deposes and says that she is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

        Upon information and belief, on or about July 26, 2012, within the Eastern District of New York and elsewhere, defendant SAMUEL MARRERO did knowingly, intentionally and unlawfully import into the United States from a place outside thereof heroin, a Schedule I controlled substance.

        (Title 21, United States Code, Sections 952(a) and 960).

        The source of your deponent's information and the grounds for her belief are as follows:[1/]

---

    [1/]    Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1.    On July 26, 2012, defendant SAMUEL MARRERO arrived at John F. Kennedy International Airport in Queens, New York, aboard Avianca Flight No. 20 from Bogota, Columbia.

2.    The defendant SAMUEL MARRERO was selected for a Customs and Border Protection ("CBP") examination.  The defendant had purchased his tickets for travel to Columbia shortly before the trip and had paid cash for the tickets.   In addition, the defendant was traveling on a recently issued passport and has no apparent ties to Columbia.

3.    During the examination, the defendant exhibited nervous behavior, including shaky hands, sweating, and failure to make eye-contact.  CBP officers conducted an inspection of the defendant's luggage, which yielded negative results.  CBP officers then requested and received approval for a pat down search, which also yielded negative results.

4.    Upon questioning, the defendant gave inconsistent and unverifiable answers to questions concerning the purpose for his travel.  Among other things, the defendant stated that his pastor had provided the money for his trip and provided a telephone number for the pastor.  CBP officers attempted to call the pastor, but the telephone number provided by the defendant was a wrong number.

5.    The defendant SAMUEL MARRERO continued to display nervous behavior and then admitted to swallowing five pellets

3

containing narcotics and inserting five pellets containing narcotics into his anal cavity. The defendant was then presented with an x-ray consent form which he read, understood and voluntarily signed.

6.   The defendant was escorted to a medical facility where he passed five pellets, the contents of one of which was field-tested. The test revealed the presence of heroin. An x-ray was performed and revealed foreign bodies in the defendant's digestive tract. The defendant was placed under arrest.

7.   Defendant SAMUEL MARRERO will be detained in the medical facility until such time as he has passed all the ingested pellets.

WHEREFORE, your deponent respectfully requests that defendant SAMUEL MARRERO be dealt with according to law.

TAMIKA COMRIE
Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations

Sworn to before me this
26th day of July, 2012

THE HONORABLE JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK